**05C 1751**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINIOS

SOPHIE SZOPA,

Plaintiff

-vs-

PRESCILLA WHITE,
Appeals Team Manager,
Internal Revenue Service

Defendant

JUDGE HIBBLER

Case No.

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

FILED
MAR 2 5 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### PETITION FOR REVIEW OF DETERMINATION OF INTERNAL REVENUE SERVICE OFFICE OF APPEALS

COMES NOW the above captioned *pro se* Petitioner, Sophie Szopa, and she respectfully shows and proves to the court as follows:

#### Jurisdiction:

1. That jurisdiction and venue of this court is invoked pursuant to Title 26 U.S.C. § 6330, this being a petition for judicial review of a determination by the Internal Revenue Service Office of Appeals.

2. This case is properly venued in this court. The United States Tax Court does not have jurisdiction because, *inter alia*, Title 26 C.F.R. § 601.102 states in relevant part,

*§ 601.102 Classification of taxes collected by the Internal Revenue*

Page 1 of 6 – Petition for Redetermination

*Service*

> *(b) Assessed taxes. Taxes collected principally by assessment fall into the following two main classes:*
> *(2) Taxes not within the jurisdiction of the U.S. Tax Court. Taxes not imposed by chapter 1, 2, 3, or 4 of the 1939 Code or subtitle A or chapter 11 or 12 of the 1954 Code are within this class, such as:*
> *(i) Employment taxes.*

3. The controversy involves an alleged employment tax for tax years 1991 through 2000, inclusive.

4. The Petitioner is within the 30 day limitation imposed by Title 26 U.S.C. § 6330, which states in relevant part, *"(d) Proceeding after hearing.-- (1) Judicial review of determination.--The person may, within 30 days of a determination under this section, appeal such determination—(B) * * * to a district court of the United States."* The adverse determination notice was dated February 23, 2005. See Exhibit 1: "Notice of Determination."

**Parties:**

5. The Petitioner in this action is Sophie Szopa (hereinafter, "Mrs. Szopa"), a Citizen of the state of Illinois. Her mailing address is 17825 Navajo, Tinley Park, Illinois 60477.

6. The Respondent in this action is Prescilla White, Appeals Team Manager, Chicago Appeals Office of the Internal Revenue Service

(hereinafter, "Ms. White"). Her mailing address is 200 West Adams Street, Suite 600, Chicago, Illinois 60606.

## Statement of Claim:

7. Ms. White is the adverse party of this litigation because the actions complained of constitute actions committed in her individual capacity. For the purposes of serving the complaint, and to the extent that our courts might deem it proper, Ms. White is also being sued in her official capacity.

8. The Internal Revenue Service issued alleged "Notices of Deficiency" alleging tax liability in the amount of:

    1991: $3,698.82

    1992: $3,246.33

    1993: $4,348.85

    1994: $4,327.87

    1995: $4,503.59

    1996: $5,151.27

    1997: $6,575.25

    1998: $7,618.03

    1999: $6,712.17

    2000: $6,577.40

2001: $6,965.32

2002: $6,855.30

9. Mrs. Szopa timely requested a due process hearing, but the hearing never took place because Ms. Szopa was denied a face-to-face meeting which the law and regulations afford her.

10. At the appeals conference hearing, Mrs. Szopa wished to address the matter of the existence of a legitimate liability, because she never received any statutory notice of deficiency. Title 26 § 6330 (c)(2)(B) states in relevant part,

> *"(c) Matters considered at hearing. -- In the case of any hearing conducted under this section--*
> *(1) Requirement of investigation.--The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.*
> *(2) Issues at hearing.--*
> *(A) In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--*
> *(i) appropriate spousal defenses;*
> *(ii) challenges to the appropriateness of collection actions; and*
> *(iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.*
> *(B) Underlying liability.--**The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any <u>statutory</u> notice of deficiency for such tax liability** or did not otherwise*

*have an opportunity to dispute such tax liability."*
[emphasis added]

11. The alleged "Notice of Deficiency" notices do not comport with the statutory provisions of Title 26 U.S.C. § 6211 and 6212, for the reasons indicated herein and in the accompanying "Memorandum in Support of Petition for Judicial Review of a Hearing by the Internal Revenue Service Office of Appeals," which is incorporated herewith by reference thereto.

12. There exists no statutory tax returns for tax years 1991 through 2000, inclusive. If any documents that are purported to be tax returns for the years in question exist, they do not comport with the statutory provisions of Title 26 U.S.C. § 6020(b)(2).

13. Mrs. Szopa is not an officer of a foreign corporation or involved in any way with a foreign tax exempt organization.

14. Mrs. Szopa has received no foreign earned income during tax years 1991 through 2000, inclusive.

15. The Form 4340 that was used as evidence of a tax liability at the appeals conference is hearsay, and should have been stricken from the record.

16. The Form 4340 is hearsay, in that it is not a document made contemporaneously in the normal course of business, and therefore

not a hearsay exception of Federal Rules of Evidence Rule 803(6).

17. Form 4340 does not comport with the best evidence rule, and should therefore be excluded from any consideration by the appeals officer.

**Relief Sought:**

1. The Petitioner prays that this court find that the Respondent erred when she relied upon Form 4340 as evidence of a lawful assessment for tax years 1991 through 2000, inclusive;

2. that the Respondent erred when she determined that a *statutory* deficiency existed, with respect to tax years 1991 through 2000, inclusive; and,

3. that this court ORDER an abatement of further collection efforts against Petitioner with respect to tax years 1991 through 2000, inclusive.

Respectfully submitted this 24TH day of March 24, 2005.

Sophie Szopa
17825 Navajo
Tinley Park, Illinois 60477