

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINIOS

SOPHIE SZOPA,

**F I L E D**

Plaintiff

APR 1 1 2005  WH

APR 11 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

-vs-

Case No. *05C-1751*

*JUDGE  HIBBLER*

PRESCILLA WHITE,
Appeals Team Manager,
Internal Revenue Service

Defendant

---

## MEMORANDUM IN SUPPORT OF PETITION FOR REVIEW OF
## DETERMINATION OF INTERNAL REVENUE SERVICE
## OFFICE OF APPEALS

---

This memorandum of law is in support of Petitioner Sophie Szopa's petition for review of a determination by the Internal Revenue Service Office of Appeals.

**A.     There is no law that imposes a tax liability upon Mrs. Szopa, for the tax years in question.**

The Respondent, Ms. Prescilla White (hereinafter, "Ms. White") and her colleagues allege that Mrs. Szopa is liable for an income tax for 1991 through 2002, inclusive.  However, there is no language anywhere within the Internal

Revenue Code (hereinafter, "IRC") that makes Mrs. Szopa liable for an income tax. While it is true that there are sections that *impose* a tax upon taxable income, there are no sections that make citizens such as is Mrs. Szopa, *liable* for the payment of that tax.

The principle upon which this issue rests is that a lawful tax must first be imposed upon some taxable person, property, event, or activity. Second, it is necessary to make someone liable for the payment of that tax. Without a statute making someone liable for the payment of the tax, then NOBODY could be required to pay it. Good evidence of this is IRS' Notice 609 that states, "Our legal right to ask for information is found in Internal Revenue Code sections 6001, 6011 and 6012(a) and their regulations. They say that you must file a return or statement with us for any tax **you are liable for**." (Emphasis added)

In light of this explanation, here is reproduced the statutes that establish these two distinct elements for various taxes.

§ 2001. Imposition and rate of tax
    (a) Imposition.
    A tax is hereby imposed on the transfer of the taxable estate of every decedent who is a citizen or resident of the United States." [Emphasis added]

§ 2002. Liability for payment

> The **tax imposed** by this chapter **shall be paid by the executor**.
> [Emphasis added]

It can be seen that § 2001 **imposes** the tax upon the transfer of the taxable estate, but it is § 2002 that establishes the executor as the person who **is liable for** the payment of the tax.

> *§ 2501. Imposition of tax*
>> *(a) Taxable transfers.*
>>> *(1) General rule.*
>>> *A **tax**, computed as provided in section 2502, **is hereby imposed** for each calendar year on the transfer of property by gift during such calendar year by any individual, resident or nonresident."*
>>> [Emphasis added]

> *§ 2502. Rate of tax*
>> *(c) Tax to be paid by donor.*
>> *The **tax imposed** by section 2501 **shall be paid by the donor**.*
>> [Emphasis added]

Again, the tax is imposed in § 2501 upon the transfer of property by gift, but § 2502 establishes that the donor is the person who is liable for the payment of the tax.

> *§ 2601. Tax imposed*
>> *A **tax is hereby imposed** on every generation-skipping transfer (within the meaning of subchapter B)."* *[Emphasis added]*

> *§ 2603. Liability for tax*
>> *(a) Personal liability.*
>>> *(1) Taxable distributions.*

*In the case of a taxable distribution, the **tax imposed** by section 2601 **shall be paid by the transferee**.*

*(2) Taxable termination.*

*In the case of a taxable termination or a direct skip from a trust, **the tax shall be paid by the trustee**.*

*(3) Direct skip.*

*In the case of a direct skip (other than a direct skip from a trust), **the tax shall be paid by the transferor**.* [Emphasis added]

In these sections, although there is only one tax imposed within § 2601, there are three distinct persons who are made liable for its payment, depending on the nature of the transaction. The tax is required to be paid by either the trustee, the transferee, or the transferor, as the case may be, so it is important to determine whether or not someone falls within the definitions given for those terms. If the transfer is of one type, the person transferring the property must pay the tax, but if another type, the person to whom the property is transferred must pay it. Therefore, it is necessary to determine the nature of the transfer before it can be determined who is liable for this particular tax.

*§ 4251. Imposition of tax*

*(a) Tax imposed.*

*(1) In general.*

*There is **hereby imposed** on amounts paid for communications services **a tax** equal to the applicable percentage of amounts so paid.*

*(2) Payment of tax.*

> The **tax imposed** by this section **shall be paid by** the **person paying for such services**. [Emphasis added]

These excerpts from the IRC clearly show that the tax must be imposed, and someone must specifically be made liable for its payment. The following is the *only* statute that establishes a liability for the payment of a tax imposed in Subtitle A:

> *§ 1461. Liability for withheld tax*
>
> *"**Every person required to deduct and withhold any tax under this chapter is hereby made liable for such tax** and is hereby indemnified against the claims and demands of any person for the amount of any payments made in accordance with the provisions of this chapter."*
> [Emphasis added]

The tax required to be deducted and withheld under Chapter 3 is the tax withheld from non-resident aliens and foreign corporations, and it is the person who is required to withhold them (that is, the *withholding agent*) who is specifically made liable for its payment.

Since Mrs. Szopa is not a withholding agent, it is clear that § 1461 does not apply to her. And while it is not required that a liability statute would name Mrs. Szopa specifically, it **must** describe the class or attributes of liable persons in such a way as to allow a person of average intelligence to correctly determine whether or not the law places any obligations upon them.

Lacking such a statute, it is evident that Mrs. Szopa has not been made liable by law for the payment of federal taxes for the years in question.

## B. Statutory notices of deficiencies were never made for the tax years in question.

Any statutory Notice of Deficiency must comport with the Internal Revenue Code. In the instant case, it is IRC § 6212 and § 6211 that define a deficiency and create the means for dealing with it.

IRC § 6212 states in relevant part:

*Sec. 6212. Notice of deficiency.*

*(a) In general.*

*If the Secretary determines that there is a deficiency in respect to any tax **imposed** by subtitle A or B or chapter 41, 42, 43 or 44, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.* [Emphasis added]

This section explicitly pertains only to taxes imposed by subtitle A or B or chapter 41, 42, 43 or 44. It has already been shown that the only liability statute for subtitle A does not impose liability upon Mrs. Szopa. Neither did Mrs. Szopa receive any gift or inheritance for the years in question. Therefore, subtitle B also does not impose a tax liability upon Mrs. Szopa.

The only chapters left that could create a deficiency – 41, 42, 43 or 44 – pertain to public charities, private foundations and certain other tax-exempt organizations, qualified pension, etc. plans, and qualified investment entities,

respectively. And, of course, Mrs. Szopa is a natural person and is therefore none of these. Thus, because no tax liability is established upon Mrs. Szopa by subtitle A or B or chapter 41, 42, 43 or 44 of the Internal Revenue Code, there exists no authority to send notices of deficiency to Mrs. Szopa, whatever. As such, the alleged Notices of Deficiency were not *statutory*, and therefore are nullities. Therefore, Mrs. Szopa should have been allowed to raise the issue of existence or amount of the alleged underlying liability.

## C. The "evidence" that the appeals officer relied upon is hearsay, does not comport with the "best evidence rule," and is not a document made in the ordinary course of business.

"Best evidence" or "primary evidence" is that which is the most natural and satisfactory proof of the fact under investigation. All other evidence which in its nature suggests the presence of better evidence is called "secondary evidence." See 32A C.J.S. Evidence § 776. The rule of evidence commonly known as "the best evidence rule" is that the highest degree of proof of which the case from its nature is susceptible must, if accessible, be produced; or, in other words, that no evidence shall be received which presupposes that the party who offers it can obtain better evidence. See, e.g., Sellimayer Packing Co. v. C. I. R., 146 F.2d 707. The best evidence rule goes only to the competency of evidence, not to its relevancy, materiality or weights. While the rule does not demand that the strongest possible evidence of the matter in dispute shall be given, nor that all

evidence existing in the case shall be produced, it does require that no evidence shall be given from which, considering its own character and nature of the transaction, an inference may arise that there is obtainable by the party other evidence more direct and conclusive and more nearly original in its source. See Minor v. Tillotson, 32 U.S. 99, 8 L.Ed. 621.

Compliance with the best evidence rule is had if the evidence sought to be admitted is competent, the best obtainable under the circumstances, and if the absence of better evidence is not attributable to the fault of the party presenting the evidence. Moreover, evidence will be excluded as secondary when it appears that there is better evidence which is material, relevant and competent and which will better establish and explain the fact in issue.

In the instant case, we have determination where the only evidence presented to Mrs. Szopa of the existence of legally sufficient assessments, were IRS Forms 4340 and an Individual Master File ("IMF"). Both the Forms 4340 and the IMF are hearsay and do not comport with the "best evidence rule." Indeed, they do not even rise to a level of secondary evidence. It has never been ascertained that legitimate and lawful assessments were made. The Form 4340 does not suffice to evidence such a thing, as indicated by Title 26 CFR § 301.6203-1. It states, in relevant part:

> *The **assessment shall be made by an assessment officer signing the summary record of assessment.** The summary record, through supporting records, shall provide identification of the taxpayer, the character of the*

*liability assessed, the taxable period, if applicable, and the amount of the*
*assessment. The amount of the assessment shall, in the case of tax shown on*
*a return by the taxpayer, be the amount so shown, and in all other cases the*
***amount of the assessment shall be the amount shown on the supporting***
***list or record.*** *The date of the assessment is the date the summary record is*
*signed by an assessment officer.* [Emphasis added]

Moreover, since the Form 4340 is not a document made contemporaneously (Federal Rules of Evidence, Rule 803(6))[1] in the normal course of business—it was apparently generated solely for the purpose of the Collection Due Process hearing, and is nothing more than a transcript derived from other transcripts—it is not an exception to the hearsay rule. Therefore, this court may not legitimately consider it. And, of course, the Form 4340 does not comport with the Best Evidence Rule either. Indeed, there are other documents, such as the RACS-006 (the "summary record of assessment") and its supporting records (both identified in the regulation above), which *could* provide evidence of lawful assessments, if they exist. Discovery would turn up such necessary documents, if they exist, so as to eliminate this contested issue of material fact.

Further, the IMF is a coded computer transcript of the actions taken on an individual's account (including actions other than just assessments and payments). The preparer of the IMF is not identified in that document, and so there is no way to determine whether such anonymous preparer has any direct knowledge of the accuracy of the information appearing on the IMF. This means that, at the very

least, the IMF is hearsay and only secondary evidence, and should therefore be excluded.

This is similarly true of the IRS Form 4340: it is not made by a person with direct knowledge of the actions for which it was offered as evidence. The purpose of Form 4340 is to document, in easy-to-read format, the assessments and payments made with respect to a given taxpayer. In the past, before the Reform and Restructuring Act mandated Collection Due Process Hearings, Form 4340's were generated only when needed for a court case, where they were erroneously used (usually with the courts' approval) as evidence that a procedurally proper assessment had been made, and that a Notice of Assessment and Demand for Payment, in accordance with IRC § 6303, had been sent.

With the advent of the Collection Due Process Hearings, it appears that the IRS now generates the Form 4340 as the "verification from the Secretary" that all laws, regulations, and procedures were followed. Said verification is required by IRC § 6330(c). The information it contains is taken from the IMF. Thus, the Form 4340 is nothing more than an abridged version of the IMF.

The person who created the Form 4340 certified that it "is a true and complete transcript for the period stated," yet it does not contain all of the same information shown on the IMF. Therefore, it is certainly not a **complete** transcript as claimed. There is also no evidence that such person had any direct knowledge that it is a **true** transcript. The only real certification involved is revealed by the

---

[1] *"...made at, or near the time by, or from information transmitted by, a person with knowledge, if*

statements which follow the questionable claims above—to wit, that "all assessments, abatements, credits, refunds, and advance or unidentified payments, and the assessed balance relating thereto, *as disclosed by the records of this office* as of the account status date *are shown* therein" and that "the *other specified matters* set forth in this transcript *appear in the official records* of the Internal Revenue Service." [Emphasis added]

In other words, it is only certified that the Forms 4340 *reflect* information appearing in other records. This cuts right to the heart of the best evidence rule. The Form 4340 itself acknowledges that better evidence exists—that is, the official records to which it refers.

Further, the Form 4340 presents absolutely no evidence to verify that the summary record of assessment was *signed* by the proper official as required by law. Therefore, it does not verify that *all* legal requirements have been met.

There are really only two possibilities: either the person who certified the Forms 4340 has no direct knowledge of the truth of the actions alleged to have been taken, which means that they lied when they claimed it to be a *true* transcript; or else, that person did have direct knowledge, because they were the person who took the actions alleged to have been done, in which case the "verification" from the Secretary is nothing more than an IRS employee "certifying" that he did his job properly, which is no protection whatsoever.

---

*kept in the course of a regularly conducted business activity....*"

Add to this the fact that Form 4340 relies upon the IMF, a document that is in and of itself, at least hearsay, we have a case of double hearsay. This is all the more reason why the Form 4340 should not be considered for the purposes of an appeals conference. As such, it was never substantially established that "the requirements of any applicable law or administrative procedure have been met."

WHEREFORE, the court should find that Ms. White abused her discretion in allowing collection actions to continue when she did not allow Mrs. Szopa to raise issues concerning the existence or amount of liability, and failed to substantially verify that all legal and administrative requirements had been met; and ORDER that further collection efforts against the Petitioner for tax 1991 through 2002, inclusive, be abated.

Dated this _25_^TH day of March 31, 2005.

Sophie Szopa
17825 Navajo
Tinley Park, Illinois 60477

# CERTIFICATE OF SERVICE

I, Stanley Szopa, a citizen of Illinois over the age of 21, do hereby certify that a true copies of

the summons, the attached Petition for Review of Internal Revenue Service Office of Appeals

,and Memorandum in Support of Petition for Review of Internal Revenue Service Office of

Appeals, have been served, on the _11_ day of April, 2005, via Certified Mail, postage having

been paid, to each of the following:

Cert. Mail# 7004 2510 0001 9747 5729
Patrick J. Fitzgerald, U.S. Attorney, N. District of Ill.
219 S. Dearborn St. 5th Floor
Chicago, IL 60604

Cert. Mail# 7004 2510 0001 9750 7314
Alberto Gonzales
Attorney General of the United States
10th and Constitution Ave. NW
Washington, DC 20530

Cert. Mail# 7004 2510 0001 9750 6775
Prescilla White, Appeals Team Manager
Internal Revenue Service
200 West Adams St. Ste. 600
Chicago, Illinois 60606

_____
Stanley Szopa