IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUN 16 2005
MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

| | |
|---|---|
| SOPHIE SZOPA, ) | |
| ) | |
| Plaintiff/Appellant, ) | |
| ) | |
| v. ) | Civil No. 05-1751 |
| ) | |
| PRISCILLA WHITE, ) | Judge Hibbler |
| Appeals Team Manager, ) | |
| Internal Revenue Service ) | |
| ) | |
| Defendant/Appellee. ) | |

## UNITED STATES' MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO DISMISS

The appellee, by its undersigned counsel, hereby submits this memorandum of law in support of its motion to dismiss in this case.

### FACTS

The Internal Revenue Service ("IRS") assessed against the plaintiff-appellant, Sophie Szopa, unpaid federal income tax liabilities for tax years 1991 though 2000. On February 12, 2004, a Final Notice-Notice of Intent to Levy and Notice of Your Right to a Hearing was issued to Sophie Szopa for her unpaid federal income tax obligations for tax years 1991 through 2000. On March 8, 2004, Ms. Szopa timely filed a Request for a Collection Due Process Hearing (Form 12153). On June 14, 2004, Ms. Szopa was advised that the IRS Appeals Office received her Form 12153. In communications and correspondence between Ms. Szopa and the IRS Appeals Office from June 5, 2001 through December 4, 2001, Ms. Szopa raised several tax protestor arguments regarding her 1997 liability. In a letter dated December 16, 2004 (December 16, 2004 letter), Ms. Szopa was advised of the procedures of the IRS Appeals Office including procedures with respect to frivolous or groundless arguments. Specifically, Ms. Szopa was

informed that a face-to-face conference would not be granted to discuss any tax protester arguments. In the December 16, 2004 letter, an IRS Appeals Office manager, Priscilla White, informed plaintiff-appellant that she scheduled a phone conference for January 25, 2005, but Ms. Szopa failed to participate in that conference.

On February 23, 2005, the IRS issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 ("Notice of Determination") for the tax years 1991 through 2000.[1] The Notice of Determination indicated that no face-to-face hearing occurred due to the fact that Ms. Szopa had only submitted frivolous, tax-protestor arguments. The Notice of Determination also advised Ms. Szopa that she had thirty days from the date of the notice to file a petition for reconsideration with the United States Tax Court. On March 25, 2005, Ms. Szopa filed her complaint in this Court.

## DISCUSSION

### I. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF-APPELLANT'S PETITION

The United States' waiver of sovereign immunity found in 26 U.S.C. § 6330(d) permits a taxpayer to appeal the determination of an IRS Appeals Officer following a Collection Due Process ("CDP") hearing by commencing an action within thirty days, where as here the underlying tax liability is for income tax, in the United States Tax Court. Conditions of the government's waiver of immunity, including the court which may exercise jurisdiction, must be strictly construed. United States v. Sherwood, 312 U.S. 584, 590 (1941). The failure to comply strictly with the conditions of the government's waiver of immunity will result in a dismissal of the matter. "Men must turn square corners when they deal with the Government. If it attaches

---

[1] In Paragraph 4 of plaintiff-appellant's "Petition for Review of Determination of Internal Revenue Service Office of Appeals" (plaintiff-appellant's Petition), plaintiff-appellant asserts that the Notice of Determination is Exhibit 1 of her Petition. However, plaintiff-appellant failed to attach any exhibits to plaintiff-appellant's Petition.

even purely formal conditions to its consent to be sued those conditions must be complied with." Rock Island A. & L.R. Co. v. United States, 254 U.S. 141, 143 (1920).

In the instant case, although the underlying liability is for unpaid federal income tax over which the United States Tax Court has exclusive jurisdiction for CDP appeals, plaintiff-appellant commenced her appeal in the district court. The district court is the wrong court. A CDP appeal concerning an underlying income tax liability which is commenced in the district court must be dismissed for want of jurisdiction. Frank v United States, 2003 WL 21968316 (N.D. Indiana 2003); True v. C.I.R., 108 F. Supp. 2d 1361 (M.D. Fla. 2000). Plaintiff-appellant alleges that the Tax Court is not the proper court, because her case deals with "employment tax for tax years 1991 through 2000". However, although plaintiff-appellant refers to the taxes at issue as employment taxes, the tax liabilities that were the subject of plaintiff-appellant's Form 12153 were actually income taxes. Therefore, "this Court lacks subject matter jurisdiction to hear this matter." True, at 1364. See also e.g., Peterson v. Kreidich, 2004-2 U.S. Tax Cas. (CCH) ¶50,323, *4; United States v. Summers, 254 F. Supp. 2d 589, 595 (E.D. Pa. 2003); Danner v. United States, 208 F.Supp.2d 1166, 1170 (E.D.Wash. 2002).

## CONCLUSION

This matter was brought in the wrong court so it is barred by the sovereign immunity of the United States and the district court is without jurisdiction over the matter. Dismissal for lack of subject matter jurisdiction will in no way prejudice plaintiff-appellant because "[i]f a court determines that the appeal was made to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court." 26 U.S.C. § 6330(d)(1).

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney
ANN L. WALLACE
Assistant United States Attorney

*/s/ Heather L. Richtarcsik*
HEATHER L. RICHTARCSIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-2822
Heather.L.Richtarcsik@usdoj.gov