# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| SOPHIE SZOPA, | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | |
| | ) | |
| v. | ) | Civil No. 05-1751 |
| | ) | |
| PRISCILLA WHITE | ) | Judge Hibbler |
| Appeals Team Manager, | ) | |
| Internal Revenue Service, | ) | |
| | ) | |
| Defendant/Appellee. | ) | |

FILED
AUG 2 6 2005
J.N
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## EXHIBITS TO SUPPLEMENT PLAINTIFF/APPELLANT

## BRIEFS

1. **EXHIBIT A:** Request for **APPEALS** Consideration

   March 8, 2004

2. **EXHIBIT B:** I.R.S. Response to Request for Appeals Consideration

3. **EXHIBIT C:** Plaintiff's Second Request For a Collection Due

   Process hearing (dated 1-24-05 )

4. **EXHIBIT D:** NOTICE OF DETERMINATION ( dated 2-23-05 )

Respectfully submitted this 26TH Day of August, 2005.

*Sophie Szopa*

**Sophie Szopa**

**17825 Navajo**

**Tinley Park, Illinois 60477**

Order Form (01/2005)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 1751 | **DATE** | August 17, 2005 |
| **CASE TITLE** | | Szopa v. White | |

**DOCKET ENTRY TEXT:**

Plaintiff/Appellant and Defendnat/Appellee are directed to supplement their briefs on the pending motion to dismiss, on or before August 26, 2005, with competent proof as to the existence (or lack thereof) jurisdiction.

■[ For further details see text below.]      *Wm J. Hibbler*      Docketing to mail notices

---

## STATEMENT

Sophie Szopa petitioned this Court for a review of the Internal Revenue Service's determination that she owed taxes for the tax years 1991 to 2000. The government moves to dismiss pursuant to Fed. R. Civ. P 12(b)(1), alleging that the Tax Court, and not this Court, has jurisdiction over Szopa's petition. 26 U.S.C. § 6330(d) permits a taxpayer to appeal the determination of an IRS Appeals Officer following a Collection Due Process hearing by commencing an action within thirty days, where the underlying tax liability is for income tax, in the United States Tax Court. Employment taxes, however, are not within the jurisdiction of the United States Tax Court, and appeals of Collections Due Process hearing determinations involving employment taxes must be heard by the United States District Court. *See* 26 U.S.C. § 6330(d)(1)(B); 26 C.F.R. § 601.102.

Szopa alleges in her petition that she contests a determination involving employment taxes. *See* Petition at ¶ 3. The government, in its brief, argues that the determination involves income taxes. But despite the rule allowing the Court to look beyond the pleadings when jurisdiction is challenged, the government failed to submit *any* evidence rebutting Szopa's allegation. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F. 3d 876, 879 (7th Cir. 2002); *Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm'n*, 149 F.3d 679, 685 (7th Cir. 1998) ("the presumption of correctness that we accord to a complaint's allegations falls away on the jurisdictional issue *once a defendant proffers evidence* that calls the court's jurisdiction into question" (emphasis added)). In fact, the government uses a footnote to point out needlessly that Szopa did not attach any exhibits to her complaint, rather than provide the Court with the exhibit Szopa omits, which perhaps would have enabled the Court to determine the nature of the taxes in question. Because the government failed to offer any evidence to call the Court's jurisdiction into question, Szopa's allegations are still entitled to their presumption of correctness.

| | Courtroom Deputy Initials: | jhc |
|---|---|---|

## STATEMENT

Still the burden to establish jurisdiction is on the plaintiff and the Court has the duty to conduct an inquiry to determine whether it has jurisdiction to hear the case. *Hay*, 312 F.3d at 879. Consequently, Szopa and the government are directed to supplement their briefs on the pending motion to dismiss, on or before August 26, 2005, with competent proof as to the existence (or lack thereof) jurisdiction. . The Court also cautions Szopa that the requirements of Rule 11 apply equally to *pro se* litigants and that should it find that she has made (or continues to make) a factual allegation with regard to the nature of taxes at issue in the IRS's determination that lacks evidentiary support, she may well find not only that her case is dismissed but also that she is the recipient of sanctions under Rule 11.

# Request for Appeals Consideration

Sophie Szopa
17825 Navajo
Tinley Pk., IL 60477

March 8, 2004                Certified Mail No. 7003 2260 0007 6445 2053

Denise Bradley, Operations Manager, ACS
Internal Revenue Service
P.O. Box 219236
Kansas City, MO 64121-9236

Re:  Letter 1058, dated February 12, 2004, concerning the years 1991 through and including
       2000.

Dear Ms. Bradley:

   This Request for Appeals Consideration is for the purpose of invoking my right to have
the Appeals Office review the lawfulness of the determinations and other actions which have
been taken in my case.  It is based upon the provisions of 26 USC § 6330, which states in part:

> "§ 6330. Notice and opportunity for hearing before levy
>
> (a) Requirement of notice before levy.--
>
>> (1) In general.
>>
>> No levy may be made on any property or right to property of any person
>> unless the Secretary has notified such person in writing of their *right to a
>> hearing under this section before such levy is made.*  Such notice shall be
>> required only once for the taxable period to which the unpaid tax specified
>> in paragraph (3)(A) relates.
>>
>>> ... (3) Information included with notice.
>>>
>>> The notice required under paragraph (1) shall include in simple and
>>> nontechnical terms--
>>>
>>>> ... (B) the right of the person to request a hearing during the
>>>> 30-day period under paragraph (2); ...
>
> (b) Right to fair hearing.--
>
>> (1) In general.
>>
>> *If the person requests a hearing* under subsection (a)(3)(B), *such
>> hearing shall be held by the Internal Revenue Service Office of Appeals.*
>>
>> ... (c) Matters considered at hearing.
>>
>> In the case of any hearing conducted under this section –
>>
>>> (1) Requirement of investigation.
>>>
>>> The appeals officer shall at the hearing *obtain verification from the
>>> Secretary* that the requirements of any applicable law or administrative
>>> procedure have been met." [Emphasis added]

Page 1 of 7

I request that a copy of the Secretary's verification obtained by the appeals officer, pursuant to subsection (c) above, be provided to me at the hearing for my records. If said verification is obtained from any person other than the Secretary, then I further request that a copy of all applicable delegation orders, delegating the authority for such verification to said person, be provided to me at the same time.

Pursuant to IRM § 8.6.1.2.1, I expect the location of my conference to be the Internal Revenue Service office closest to my home. If that office can not support the holding of this appeal conference, then I request that it be held in the closest IRS office which can support one. Further, I plan to record the conference, and bring two witnesses.

Please be aware that I have repeatedly requested Appeals consideration of my case (sometimes through my Power of Attorney) throughout the statutory (90-day) notice stage up to the present. These requests have either been ignored completely or denied by the Internal Revenue Service (IRS) employee controlling my case, even though they have provided no evidence of any lawful authority to make such denial. This in itself is a blatant violation of my right to due process. Due to this disregard for my rights, I have been deprived of the opportunity to disprove allegations that I am liable for any taxes the IRS alleges that I owe. Therefore, one of the issues to be addressed at my conference is the lawful basis of the underlying assessment upon which this levy is based. This issue is specifically listed as one which may be raised at 26 USC § 6330(c)(2)(B), which states:

> "(c) Matters considered at hearing.
>
> In the case of any hearing conducted under this section --
>
> ... (2) Issues at hearing.
>
> ... (B) Underlying liability.
>
> *The person may also raise* at the hearing *challenges to the existence* or amount *of the underlying tax liability* for any tax period *if the person* did not receive any statutory notice of deficiency for such tax liability or *did not otherwise have an opportunity to dispute such tax liability.*" [Emphasis added]

Further, according to 26 USC § 6330(e), which states:

> (e) Suspension of collections and statute of limitations.--
>
> (1) In general.
>
> Except as provided in paragraph (2), *if a hearing is requested under subsection (a)(3)(B), the levy actions which are the subject of the requested hearing* and the running of any period of limitations under section 6502 (relating to collection after assessment), section 6531 (relating to criminal prosecutions), or section 6532 (relating to other suits) *shall be suspended for the period during which such hearing, and appeals therein, are pending.* In no event shall any such period expire before the 90th day after the day on which there is a final determination in such hearing." [Emphasis added]

the collection actions being taken should be suspended while my appeal is pending. Therefore, please prepare a memorandum to the district director, requesting that all collection activity be suspended while Appeals considers the issues identified in this request.

The heart of this matter is the lack of any statute which clearly and unequivocally makes me liable for (or subject to) the tax imposed within Subtitle A of the Internal Revenue Code (IRC). Without such statutory liability, I could not owe any amounts with respect to such tax. This is acknowledged by the United States Court of Appeals for the Ninth Circuit, where they stated in the case of Bothke v. Fluor Engineers and Constructors, Inc. (713 F.2d 1405):

> "Second, the *taxpayer must be liable for the tax*. Id. *Tax liability is a condition precedent to the demand*. Merely demanding payment, even repeatedly, does not cause liability." [Emphasis added]

The United States Court of Appeals for the Second Circuit also confirms this principle in the case of Botta v. Scanlon, (288 F.2d 504):

> "However, a reasonable construction of the taxing statutes does not include vesting any tax official with absolute power of *assessment against individuals not specified in the statutes as persons liable for the tax* without an opportunity for judicial review of this status before the appellation of 'taxpayer' is bestowed upon them and their property is seized and sold." [Emphasis added]

These cases exemplify the principle that the IRS does not have any lawful authority to assess taxes against me unless there is some statute which specifies that I am liable for (or subject to) such tax. In fact, even the Code of Federal Regulations (CFR) acknowledges this principle in the description of the rules at 26 CFR § 601.106(f)(1), "Conference and practice requirements." Rule I states:

> "*An exaction by the U.S. Government, which is not based upon law, statutory or otherwise, is a taking of property without due process of law*, in violation of the Fifth Amendment to the U.S. Constitution. *Accordingly, an Appeals representative* in his or her conclusions of fact or application of the law, *shall hew to the law and the recognized standards of legal construction*. It shall be his or her duty to determine the correct amount of the tax, with *strict impartiality as between the taxpayer and the Government*, and without favoritism or discrimination as between taxpayers." (emphasis added)

It is clear that it is the *duty* of the Appeals Office to determine the lawful basis of any assessment which is disputed. It is this duty that my appeal is invoking in regards to the alleged assessment against me.

In spite of numerous requests, the IRS has failed or refused to identify the statute which they claim makes me liable for the tax, and in so doing have failed to verify their authority to perform the acts which have been taken in my case. Unless and until the statute making me liable for any tax is identified, any collection actions taken against me and my property are unlawful and invalid. Such unlawful acts negate any immunity which the responsible IRS employees may otherwise enjoy, thus subjecting them to personal liability for any damages resulting from those acts. The Court in the Bothke case above confirms this loss of immunity.

Please be aware that I have made the determination that I am not liable for (or subject to) the taxes the IRS alleges I owe, and therefore I am not a "taxpayer" as that term is defined within IRC § 7701(a)(14), which states in pertinent part:

> "§ 7701. Definitions

(a) When used in this title, where not otherwise distinctly expressed or manifestly incompatible with the intent thereof--

(14) Taxpayer.

*The term "taxpayer" means any person subject to any internal revenue tax."*
[Emphasis added]

If some employee of the IRS has made a determination contrary to the one I made — that I *am* a "taxpayer," or subject to (or liable for) a tax — then it is necessary for such employee to identify the source of their authority to make such determination, and provide copies of the Delegation Order(s) which delegate such authority to such employee.

As previously mentioned, the issue of statutory liability is of the utmost importance because it affects all aspects of the collection actions being taken. Indeed, it is the basis of all collection actions. For example, IRC § 6331, "Levy and distraint" states:

"(a) Authority of Secretary.

If *any person liable to pay any tax* neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided- in this chapter for the payment of such tax." [Emphasis added]

This section makes it clear that unless a person has been made liable to pay a tax, the Secretary lacks any authority to levy against their property. In spite of the lack of authority to levy against anyone other than a person liable, the enclosed notice, dated February 12, 2004, asserts the intention of the IRS to levy my property. Please be aware that any attempts to collect the alleged assessment despite this lack of lawful authority must be considered to be knowing and willful violations of my right to due process. All such violations will be prosecuted to the fullest extent possible.

In addition to the above, the alleged assessment is outside the Secretary's lawful authority to assess, as established within IRC § 6201, which states:

"§ 6201. Assessment authority

(a) Authority of Secretary.

The Secretary is authorized and required to make the inquiries, determinations, and *assessments of all taxes* (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title, or accruing under any former internal revenue law, *which have not been duly paid by stamp* at the time and in the manner provided by law. Such authority shall extend to and include the following:

(1) Taxes shown on return.

*The Secretary shall assess all taxes determined by the taxpayer or by the Secretary as to which returns or lists are made under this title.*

(2) Unpaid taxes payable by stamp. ..." [Emphasis added]

From this section, it is clear that the Secretary's authority is limited to the assessment of those taxes which are either payable by stamp or those for which returns or lists have been made. However, in my case, there are no returns. I had no requirement to file any returns, because

returns are only required to be filed by those persons made liable for (or subject to) a tax. This is confirmed by IRC §§ 6001 and 6011, which are reproduced in part below.

> "§ 6001. Notice or regulations requiring records, statements, and special returns
>
> Every *person liable for any tax imposed by this title*, or for the collection thereof, *shall* keep such records, render such statements, *make such returns*, and comply with such rules and regulations *as the Secretary may from time to time prescribe*." [Emphasis added]

> "§ 6011. General requirement of return, statement, or list
>
> (a) General rule.
>
> When required by regulations prescribed by the Secretary any *person made liable for any tax imposed by this title*, or with respect to the collection thereof, *shall make a return* or statement according to the forms and regulations prescribed by the Secretary." [Emphasis added]

The IRS alleges that IRC § 6020 authorized them to make Substitute for Returns (SFRs) in my case due to my alleged failure to file required returns. As shown above, since I had no requirement to file any returns, I could not *fail* to file such returns. Likewise, due to such lack of requirement for me to file, § 6020(b) confers no authority to file returns with respect to me. Further, the SFRs used as the basis for the assessment(s) in my case are not signed as required by § 6020(b)(2). This lack of signature upon the SFRs renders them invalid. Therefore, any deficiency or assessment based upon such invalid returns are likewise invalid. If there is some other section of the IRC which authorizes unsigned returns to be used as the basis for an assessment, then it is necessary for the IRS to identify such section, so such authority can be verified.

Further, although this notice is *required* pursuant to IRC §§ 6330(a)(1) and 6331(d)(1), it is neither signed pursuant to IRC § 6061, nor verified by a written declaration that it is made under the penalties of perjury pursuant to IRC § 6065. Therefore, your notice, dated February 12, 2004, is invalid on its face, and so any collection actions based upon such defective notice would likewise be unlawful.

Finally, the deficiency procedures established within Subchapter B of Chapter 63 only relate to the taxes imposed by Subtitle A (income taxes), Subtitle B (estate and gift taxes), and Chapters 41, 42, 43, and 44 (excise taxes). Please be aware that I am a citizen of the United States and have received no foreign-earned income for the years in question, therefore I have no taxable income. Further, I am unaware of any circumstance which would subject me to any Subtitle B taxes, and am certainly not involved in any activity which would subject me to the referenced excise taxes. Therefore, if you are contending that you have determined that I am in fact subject to one of the taxes for which the deficiency procedures are prescribed, then identify the tax, and explain with particularity the basis of such determination.

In conclusion, the facts and laws presented herein provide evidence that the Internal Revenue Service is acting outside of its lawful authority by erroneously assessing a tax against me for which I am not liable, and further by attempting to collect such erroneously assessed tax by methods not authorized to be taken against me. Therefore, I demand that the alleged assessments against me be abated pursuant to IRC § 6404(a)(3), or otherwise removed pursuant

to Internal Revenue Manual Sub-SubSection 5525.1, "General," which states at paragraph (9), "Taxpayers are also entitled to have any erroneous assessments of tax, penalty and interest removed."

I have enclosed a Form 12153 to facilitate the processing of my request. If this request for consideration by the Appeals function is imperfect in any way, please explain with particularity any such defects, and provide me with all information necessary for me to perfect this request. If you fail or refuse to either grant me this Appeal consideration, abate or remove the erroneous assessment, or provide *all* of the information requested herein, such failure or refusal must be considered to be a knowing and willful violation of my rights to due process and administrative appeal. Therefore, upon such failure or refusal, all of my administrative remedies must be considered to be exhausted by this request. Further, any statements not specifically rebutted in your response to this request must be considered true.

Under penalty of perjury, I declare that the foregoing is true and correct to the best of my knowledge and belief.

Sophie Szopa

Enclosures:    Copy of Letter 1058, dated February 12, 2004; Form 12153.

cc:    Retained to file.

# Schedule of Disputed Issues

(1)   The Internal Revenue Service has repeatedly failed or refused to honor my right to have the Appeals Office consider my case, in spite of numerous requests for such appeals.

(2)   The Internal Revenue Service has failed or refused to identify the statute which they claim makes me liable for any tax they allege I owe.

(3)   The Internal Revenue Service has failed or refused to identify the source of any authority to make a determination that I am a "taxpayer" as defined within IRC § 7701(a)(14), yet is acting on the presumption that such a determination has been made.

(4)   The Internal Revenue Service lacks any statutory authority to institute levy actions against any person who has not been made liable for a tax by statute, but according to the notice sent, intends to initiate them against me nevertheless.

(5)   The Internal Revenue Service lacks any statutory authority to assess any taxes (other than those which are to be paid by stamp) unless on the basis of a valid return. However, the IRS alleges that an assessment has been made against me even though no valid returns have been filed upon which such alleged assessment could be made.

(6)   The Internal Revenue Service lacks authority to make any returns pursuant to IRC § 6020, unless such returns are otherwise required to be made by law. Since the requirement for filing a return is predicated upon being made liable for a tax, the lack of such statutory liability precludes a requirement to file any return.

(7)   The Substitute for Returns prepared for the years at issue, being unsigned by the person making such returns, are invalid on their face. Any assessment based upon such invalid returns is likewise invalid and unlawful.

(8)   The Letter 1058, dated February 12, 2004, is invalid because it is not signed under penalty of perjury as required pursuant to IRC §§ 6061 and 6065.

(9)   I am a citizen of the United States and received no foreign-earned income. Therefore I have no taxable income which would come within the authority of the deficiency procedures.

# Request for a Collection Due Process Hearing

Use this form to request a hearing with the IRS Office of Appeals only when you receive a **Notice of Federal Tax Lien Filing & Your Right To A Hearing Under IRC 6320**, a **Final Notice - Notice Of Intent to Levy & Your Notice Of a Right To A Hearing**, or a **Notice of Jeopardy Levy and Right of Appeal**. Complete this form and send it to the address shown on your lien or levy notice for expeditious handling. Include a copy of your lien or levy notice(s) to ensure proper handling of your request.

➡ *(Print)* Taxpayer Name(s): _SOPHIE  SZOPA_

➡ *(Print)* Address: _17825 NAVAJO  TINLEY PK, ILL, 60477_

Daytime Telephone Number: _____ Type of Tax/Tax Form Number(s): _____

➡ Taxable Period(s): _1991, 1992, 1993, 1994, 1995, 1996, 1997, 1998, 1999, 2000_

➡ Social Security Number/Employer Identification Number(s): _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_

Check the IRS action(s) that you do not agree with. Provide specific reasons why you don't agree. If you believe that your spouse or former spouse should be responsible for all or a portion of the tax liability from your tax return, check here [ __ ] and attach Form 8857, Request for Innocent Spouse Relief, to this request.

_____ **Filed Notice of Federal Tax Lien (Explain why you don't agree. Use extra sheets if necessary.)**

✖_____ **Notice of Levy/Seizure (Explain why you don't agree. Use extra sheets if necessary.)**

**See Letter.**

I/we understand that the statutory period of limitations for collection is suspended during the Collection Due Process Hearing and any subsequent judicial review.

➡ Taxpayer's or Authorized Representative's Signature and Date: _Sophie Szopa_  3/6/0_

Taxpayer's or Authorized Representative's Signature and Date: _____

IRS Use Only:

IRS Employee *(Print)*: _____ IRS Received Date: _____

Employee Telephone Number: _____

Department of the Treasury
Internal Revenue Service
ACS SUPPORT - STOP 5050
PO BOX 219236
KANSAS CITY, MO 64121-9236

**Date:**
FEB. 12, 2004

**Taxpayer Identification Number:**
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    L 00

**Caller ID:**    278004

**Contact Telephone Number:**
TOLL FREE:  1-800-829-7650
BEST TIME TO CALL:
MON - FRI  8:00 AM TO 8:00 PM
ASISTENCIA EN ESPANOL 1-800-829-7650

7103 9819 9170 2032 1597

SOPHIE A SZOPA
17825 NAVAJO
TINLEY PARK  IL   60477-7897258

## CALL IMMEDIATELY TO PREVENT PROPERTY LOSS
## FINAL NOTICE OF INTENT TO LEVY AND NOTICE OF YOUR RIGHT TO A HEARING

### WHY WE ARE SENDING YOU THIS LETTER

We've written to you before asking you to contact us about your overdue taxes. You haven't responded or paid the amounts you owe. We encourage you to call us immediately at the telephone number listed above to discuss your options for paying these amounts. If you act promptly, we can resolve this matter without taking and selling your property to collect what you owe.

We are authorized to collect overdue taxes by taking, which is called levying, property or rights to property and selling them if necessary. Property includes bank accounts, wages, real estate commissions, business assets, cars and other income and assets.

### WHAT YOU SHOULD DO

This is your notice, as required under Internal Revenue Code sections 6330 and 6331, that we intend to levy on your property or your rights to property 30 days after the date of this letter unless you take one of these actions:
.      Pay the full amount you owe, shown on the back of this letter. When doing so,
    .     Please make your check or money order payable to the United States Treasury;
    .     Write your social security number and the tax year or employer identification number and the tax period on your payment; and enclose a copy of this letter with your payment.
.      Make payment arrangements, such as an installment agreement that allows you to pay off your debt over time.
.      Appeal the intended levy on your property by requesting a Collection Due Process hearing within 30 days from the date of this letter.

### WHAT TO DO IF YOU DISAGREE

If you've paid already or think we haven't credited a payment to your account, please send us proof of that payment. You may also appeal our intended actions as described above.

Even if you request a hearing, please note that we can still file a Notice of Federal Tax Lien at any time to protect the government's interest. A lien is a public notice that tells your creditors that the government has a right to your current assets and any assets you acquire after we file the lien.

We've enclosed two publications that explain how we collect past due taxes and your collection appeal rights, as required under Internal Revenue Code sections 6330 and 6331. In addition, we've enclosed a form that you can use to request a Collection Due Process hearing.

We look forward to hearing from you immediately, and hope to assist you in fulfilling your responsibility as a taxpayer.

Enclosures: Copy of letter, Form 12153, Publication 594, Publication 1660, Envelope


*322469994103*

Automated Collection System

Letter 1058 (Rev. 05-2002)(LT-11)

**Internal Revenue Service**
Appeals Office
200 West Adams Street
Suite 600
Chicago, IL 60606

**Date:** December 16, 2004

Sophie A. Szopa
17825 Navajo
Tinley Park, IL 60477

**Department of the Treasury**

**Person to Contact:**
  W. Adams
**Employee ID Number:** 36-08945
  Tel:  312-582-6820
  Fax: 312-582-6809
**Refer Reply to:**
  AP:FW:IL:CHI:WA
**In Re:**
  Collection Due Process – Levy
**Tax Period(s) Ended:**
  12/1991  12/1992  12/1993  12/1994
  12/1995  12/1996  12/1997  12/1998
  12/1999  12/2000

Appeals Received Your Request for A Collection Due Process Hearing
And We Need To Advise You On Procedures

Dear Ms. Szopa,

I've received your request for a Collection Due Process (CDP) Hearing.  The items that you mention in your CDP request are items that:

1.  Courts have determined are frivolous or groundless, or
2.  Appeals does not consider. These are moral, religious, political, constitutional, conscientious, or similar grounds.

Examples of arguments that are considered frivolous or groundless are provided in "The Truth About Frivolous Tax Arguments" on the IRS Internet website at http://www.irs.gov/pub/irs-utl/friv_tax.pdf.  It is not a complete list of frivolous and groundless arguments.

Appeals does not provide a face-to-face conference if the only items you wish to discuss are those mentioned above.  You may, however, have a telephone conference or discuss with us by correspondence any relevant challenges to the filing of the notice of federal tax lien or the proposed levy.

If you are interested in receiving a face-to-face conference, you must be prepared to discuss issues relevant to paying your tax liability. These include, for example, offering other ways to pay the taxes you owe, such as an installment agreement or offer in compromise.  The Internal Revenue Manual determines whether Appeals can accept your proposal.  If you wish to have a face-to-face conference, please write me within 15 days from the date of this letter and describe the legitimate issues you will discuss.

In the meantime, I have scheduled a telephone conference for you on January 25, 2005

at 11:00 a.m. If this is not convenient for you, or if you prefer to conduct your hearing by correspondence, please contact me as soon as possible. I would be happy to consider other dates within 14 days of the scheduled conference. If I don't hear from you before the scheduled conference date, I will issue the required determination letter based on the information in the file.

Please contact me with any questions or concerns you have regarding this request or the Collection Due Process procedure itself. You'll find my telephone number listed above.

Sincerely,

W. Adams
Settlement Officer

*EXHIBIT C*

Sophie Szopa
17825 Navajo
Tinley Pk., IL 60477

January 24, 2005                    Certified Mail No. *7004 2510 0000 2873 2120*

W. Adams, Settlement Officer
Internal Revenue Service Appeals Office
200 West Adams Street, Suite 600
Chicago, IL  60606

Re: Your December 16, 2004 response to my request for a Collection Due Process hearing.

Dear Ms. Adams:

I am in receipt of your letter, dated December 16, 2004, concerning the Collection Due Process hearing which I requested for the years 1991 through and including 2000. A copy of that letter is enclosed for your convenience.

In your letter, you make the unfounded assertion that all of the issues I raised have either been determined to be frivolous or are on "moral, religious, political, constitutional, conscientious, or similar grounds." However, you have failed to give any particulars as to which issues you claim are the former and which are in the latter category. This makes it rather difficult to present any rebuttal or explanation concerning such bald allegation. In fact, it is obvious that your self-serving mischaracterization of the issues I raised is nothing more than an attempt to avoid having to respond to them, so as to undermine my right to due process.

You further contend that "Appeals does not provide a face-to-face conference if the only items you wish to discuss are those mentioned above." However, you have failed to provide any statutory or regulatory authority that supports such a contention. On the other hand, in the regulations governing Collection Due Process hearings (26 CFR § 301.6330-1(d)(2)), I found the following information:

> Q-D7. If a taxpayer wants a face-to-face CDP hearing, where will it be held?
> A-D7. The taxpayer must be offered an opportunity for a hearing at the Appeals office closest to taxpayer's residence or, in the case of a business taxpayer, the taxpayer's principal place of business.

As you can see, this provision shows that if I want a face-to-face hearing, then I must be offered the opportunity for one. In light of this, on what basis have you made your decision that you will not adhere to the above regulation? So there can be no question about it, please be aware that I *do* want a face-to-face hearing, and I still intend to make an audio recording of that hearing. Therefore, in your response please inform me of the date and time for my face-to-face CDP hearing at the Appeals Office closest to my home.

The issues I raised are issues of law and administrative process: that is, whether or not the applicable laws and procedures involved in the assessment and collection of the taxes you allege

Page 1 of 3

that I owe have been followed. Part of this procedure is the making of the assessment itself, which must be accomplished by an assessment officer signing a Summary Record of Assessment (SRA). The only way to verify that this particular requirement has been met is to obtain a copy of any applicable SRA and confirm that it was properly signed. Naturally, since said summary form does not identify me personally, it is also necessary to obtain copies of the documents which form the basis of the amounts shown on the SRA, following backwards to those which specifically reference my name, the nature of the tax, and the amounts being assessed. This evidentiary trail is the only way to verify that the procedure established by statute has been followed.

The regulation at 26 CFR § 301.6203-1 states, in pertinent part:

> *The assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment.* The amount of the assessment shall, in the case of tax shown on a return by the taxpayer, be the amount so shown, and in all other cases *the amount of the assessment shall be the amount shown on the supporting list or record.* The date of the assessment is the date the summary record is signed by an assessment officer.[Emphasis added]

Also, IR Code § 6303 requires that a Notice and Demand for Tax be sent within 60 days of the making of an assessment, yet I have no record of ever receiving such a Notice and Demand. If you are contending that this necessary notice has been sent according to that requirement, then please have available at my hearing a copy of that notice, along with a copy of the mailing receipts (or similar documentation) which verifies that it was sent within the time allowed.

Further, at the heart of the matter is the statutory authority for assessment of taxes. IR Code § 6201(a)(1) states:

> The Secretary shall assess all taxes determined by the taxpayer or by the Secretary *as to which returns or lists have been made* under this title.

Clearly, such assessments must be based upon returns, and according to § 6020(b)(2), a return made by the Secretary must be signed by him to be valid. Therefore, in order for the assessments against me to be valid, there must exist signed returns establishing the amount owed. Without a return that is signed under penalty of perjury, there exists no sworn—that is, legitimate—evidence that any liability exists in the first place. If you contend that a signed return does indeed exist, then please provide me with a copy of such return at the time of my hearing.

I have had no previous opportunity to present these issues for consideration, because assessment procedures do not come into play until after the time in which a petition to Tax Court is allowed. Thus, these issues are not prohibited by § 6330(c)(2)(B), and may be raised at my hearing.

Ms. Adams, if you continue to deny me a face-to-face hearing, such action must be considered a willful violation of my right to due process. Please be aware that I will prosecute all such violations of my rights to the full extent of the law.

I will be expecting to receive from you the time and date on which my face-to-face hearing will be held.

Sincerely,

Sophie Szopa

Enclosures: Copy of your letter, dated December 16, 2004.

Cc: Retained to file.

Page 3 of 3

**Internal Revenue Service**
General Appeals Programs
200 West Adams Street
Suite 600
Chicago, IL 60606

Date: 2-23-05

Sophie Szopa
17825 Navajo
Tinley Park, IL 60477

**Department of the Treasury**

**Person to Contact:**
 W. Adams
 Employee ID Number: 36-08945
 Tel: 312-582-6820
 Fax: 312-582-6809
**Refer Reply to:**
 AP:FW:IL:CHI:WA
**SSN/EIN Number:**
 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
**Tax Type/Form Number:**
 Individual/1040
**Tax Period(s) Ended:**
 12/1991 12/1992 12/1993
 12/1994 12/1995 12/1996
 12/1997 12/1998 12/1999
 12/2000
**In Re:**
 Collection Due Process Hearing (Tax
 Court)

**Certified Mail**

## NOTICE OF DETERMINATION
## CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330

Dear Ms. Szopa:

We have reviewed the taken or proposed collection action for the period(s) shown above. This letter is your Notice of Determination, as required by law. A summary of our determination is stated below. The attached statement shows, in detail, the matters we considered at your Appeals hearing and our conclusions about them.

If you want to dispute this determination in court, you must file a petition with the United States Tax Court for a redetermination within 30 days from the date of this letter.

To get a petition form and the rules for filing a petition, write to: Clerk, United States Tax Court, 400 Second Street, NW, Washington, D.C. 20217, or access the Tax Court website at www.ustaxcourt.gov.

The Tax Court has a simplified procedure for an appeal under section 6330(d)(1)(A) of a determination in which the unpaid tax does not exceed $50,000. You also can get information about this procedure by writing to the Tax Court, or accessing the Tax Court website at www.ustaxcourt.gov.

The time limit for filing your petition is fixed by law. The courts cannot consider your case if you file late. If the court determines that you filed your petition with the wrong court, you will have 30 days after such determination to file with the correct court.

If you do not petition the court within the time frame provided by law, your case will be returned to the originating IRS office for action consistent with the determination summarized below and described on the attached page(s).

If you have any questions, please contact the person whose name and telephone number are shown above.

## Summary of Determination

The issuance of the Notice of Intent to Levy is sustained.

If you do not take the proper actions to discuss collection alternatives, the IRS is justified in proceeding with issuance of a Notice of Levy.

Sincerely,

PRISCILLA WHITE
Appeals Team Manager

**Attachment - Letter 3193, Notice of Determination**

Type of tax: Income Tax
Tax Periods: 12/31/1991, 12/31/1992, 12/31/1993, 12/31/994,
              12/31/1995, 12/31/1996, 12/31/1997, 12/31/1998,
              12/31/1999, 12/31/2000
Date of CDP Notice:  02/12/2004
Date CDP request received: 03/08/2004

## MATTERS CONSIDERED BY APPEALS

## SUMMARY AND RECOMMENDATION

### Applicable Law and Administrative Procedures

- Based on available information, it appears the requirements of applicable law and administrative procedures have been met.

- I.R.C. §6330(a)(1) provides that no levy may be made unless the IRS notifies a taxpayer in writing of their right to a hearing before such levy is made. IRS records show Letter 1058, Notice of Intent to Levy was issued.

- I.R.C. §6330(a)(2) describes the time and method for notice. The letter was dated February 12, 2004 and mailed to you at your last know address via certified mail.

- On December 16, 2004, a letter dated the same day was mailed to you scheduling a telephonic appointment on January 25, 2005 to discuss any relevant challenges to the issuance of the Notice of Intent to Levy. You were also advised in the letter that if you were interested in a face-to-face conference, you should be prepared to discuss issues relevant to payment of the tax liability. You were asked to send correspondence within 15 days from the date of the letter describing the legitimate issues you would discuss.

- You respond to that letter requesting a face-to-face conference. However, the issues you wanted to discuss are those of a constitutional nature. These issues are not relevant to the payment of the outstanding tax liabilities. Face-to-face conferences are not permitted or offered when the only issues raised are frivolous.

- This appeals employee has had no prior involvement with respect to these liabilities.

## DISCUSSION AND ANALYSIS

### Relevant Issues Presented by the Taxpayer

- In your request for a CDP hearing you attached correspondence presenting some arguments based upon positions previously deemed frivolous. You did not propose any collection alternatives.

- The issues you raised in your request for a CDP hearing are items that the courts have determined are frivolous or groundless. Appeals does not consider issues based upon moral, religious, political, constitutional, conscientious or similar grounds.

- The appeal procedures do not extend to cases involving solely the failure or refusal to comply with the tax laws because of moral, religious, political, constitutional, conscientious, or similar grounds. See CFR 601.106(b).

- The second issue was not having an in office examination.

- You did not raise any other legitimate issues.

- Since the issues you wanted to raise could not be addressed under CDP, there was no need to schedule an appointment for a face-to-face hearing.

- Before you decide whether to petition this notice of determination, you should know that the Tax Court is empowered to impose monetary sanctions up to $25,000 for instituting or maintaining action before it primarily for delay or for taking a position that is frivolous or groundless [Pierson v. Commissioner, 115 T.C. No 39 (2000)].

### Balancing Efficient Collection and Intrusiveness

- I.R.C. §6330(c)(3)(C) requires that the Appeals employee consider whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern that any collection action be no more intrusive than necessary.

- Since you have not presented any legitimate issues nor proposed any collection alternatives, the only alternative at present is to take enforced collection action by levying your assets. Therefore, levy action balances the efficient collection of taxes with your legitimate concern that any collection action be no more intrusive than necessary.