# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINIOS

| | |
|---|---|
| SOPHIE SZOPA, | |
| Plaintiff | **FILED** |
| -vs- | SEP 15 2005 WH |
| PRESCILLA WHITE,<br>Appeals Team Manager,<br>Internal Revenue Service | MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |
| | Case No. 05-1751 |
| Defendant | Judge Hibbler |

## SUPPLIMENTAL BRIEF IN RESPONSE TO "UNITED STATES' SUPPLIMENTAL B RIEF REGARDING JURISDICTION"

COMES NOW the Plaintiff, Sophie Szopa, and in reply to Defendant Prescilla White's "United States' Supplemental Brief Regarding Jurisdiction," states as follows:

This court, in its Statement dated August 17, 2005, stated in part"

*"But despite the rule allowing the Court to look beyond the pleadings when jurisdiction is challenged, the government failed to submit any evidence rebutting Szopa's allegation. * * * Because the government failed to offer any evidence to call the Courts jurisdiction into question, Szopa's allegations are still entitled to their presumption of correctness.*

In the supplemental brief, Defendant cites no statutes, regulations, case law, or any other reliable authority to buttress her argument that income taxes, and not

employment taxes, are at issue here. What "authority" Defendant *did* cite, consisted of: (1) a boilerplate notice appearing in the Notice of Determination (Exhibit D); (2) an IRS Form 1040; and, (3) an "attachment letter" accompanying the Notice of Determination. Forms and letters are not "authority" for the purposes of legal arguments, hence their arguments are feeble, at best.

The Internal Revenue Manual states that "*While a good source of general information, **publications should not be cited to sustain a position**.*" [IRM, 4.10.7.2.8 (05-14-1999)] [Emphasis added] If publications should not be cited to sustain a position, then surely boilerplate notices and forms cannot be deemed binding legal authority.

Unlike Defendant, Plaintiff has cited the United States Code and the Code of Federal Regulations in her briefs and pleadings, to show that an employment tax was at issue.

WHEREFORE, Defendant has failed to provide any viable evidence that an income tax is at issue, and the Plaintiff has shown that an employment tax is at issue. Plaintiff prays that this court deny the Defendant's Motion to Dismiss, and allow this case to proceed to discovery.

Dated this 15TH day of September, 2005.

/s/ Sophie Szopa

Page 2 of 3 – Brief in Opposition to Motion to Dismiss

## CERTIFICATE OF SERVICE

It is hereby certified by the undersigned, a person over the age of 21 and a citizen of Illinois, that the following document:

(1)     RESPONSE TO UNITED STATES' SUPPLEMENTAL BREF REGARDING JURISDICTION; and,

(2)     CERTIFICATE OF MAILING;

have been sent via the U.S. Postal Service, postage having been paid in full, on the 15TH day of September, 2005, to the parties indicated hereinafter.

Clerk of Court
US Dist. Ct. for the Northern District of Illinois.
219 S. Dearborn Street
Chicago, IL 60604

Heather I. Richtarcsik
Trial Atty., Tax Division
U.S. D.O.J.
P. O. Box 55
Ben Franklin Station
Washington, D.C. 20044

_Sophie Szopa_