FILED

AUG 2 8 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

CERTIFIED COPY

In the

# United States Court of Appeals
## For the Seventh Circuit

No. 05-4788

SOPHIE A. SZOPA,

*Plaintiff-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 05 C 1751—William J. Hibbler, *Judge.*

SUBMITTED MAY 25, 2006—DECIDED JULY 5, 2006

Before EASTERBROOK, WOOD, and SYKES, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Sophie Szopa maintains
that only corporations and foreign citizens need pay
income taxes. The Internal Revenue Service sent her a
notice of intent to levy on her assets to satisfy income
taxes due for the years 1991 through 2000. A levy may
be postponed or canceled if, for example, the taxes are
attributable to a spouse's income and an "innocent spouse"
defense is available; a taxpayer also may propose a
collection schedule or some other less drastic way to re-
tire the debt. 26 U.S.C. §§ 66(c), 6015(b). The IRS affords
an administrative opportunity to ask for such relief. 26
U.S.C. §6330(b). Szopa requested a hearing under this
section but offered only tax-protester arguments, and the

IRS turned her down. Her position was doubly frivolous: first because by the time a notice of levy has been sent it is too late to contest the assessment of taxes, and second because Szopa offered no objection to the proposed means and timing of collection. The IRS told her that if she was dissatisfied by its decision she could obtain review in the United States Tax Court. See 26 U.S.C. §6330(d)(1).

Piling frivolous litigation on frivolous argumentation, Szopa ignored this advice and filed suit in the United States District Court, contending that she is entitled to review by a district court because the Tax Court would lack jurisdiction. (Adding a frivolous fillip, she sued not the United States or the Commissioner of Internal Revenue, the only arguably proper parties, but Prescilla White, the manager of the administrative group that had rejected her request for a hearing. We have substituted the United States as the defendant.) Szopa maintained that the Tax Court cannot entertain litigation about what Szopa insists is an "employment tax" rather than an "income tax." Moreover, she asserts, the Tax Court is not a "court"—notwithstanding its name, its governing statutes, and *Freytag v. CIR*, 501 U.S. 868, 890-91 (1991)—and cannot resolve disputes about points of law. Even administrative agencies can and do handle legal arguments all the time. Courts of appeals regularly address on appeal legal arguments that have been resolved by the Tax Court. The district court therefore followed the statute and dismissed the suit for lack of jurisdiction because Szopa's claim could have been filed in and resolved by the Tax Court. 26 U.S.C. §§ 6212(a), 6330(d)(1), 7442.

Szopa's argument in this court depends on the proposition that, because she is a U.S. citizen, the tax assessed against her must be an "employment tax" and all disputes about its collection are outside the Tax Court's purview. There is no excuse for persistence in such a foolish argument. She has been told by the IRS, by the district judge,

No. 05-4788                                                           3

and by Congress (in the Internal Revenue Code) that the tax is imposed on income, not employment. We told her this ourselves a few years ago. Szopa and her husband failed to satisfy their obligations for the tax years 1983 through 1988, and in an opinion rejecting the Szopas' arguments we called the sums they owed "income taxes." See *United States v. Szopa*, 2000 U.S. App. LEXIS 3353 (7th Cir. Mar. 1, 2000) (unpublished order). Szopa's current position reflects obduracy and recalcitrance rather than ignorance or confusion. She is trying to throw sand in the gears.

Frivolous litigation is sanctionable. Fed. R. App. P. 38. Twenty years ago we set $1,500 as the normal sanction for an appeal resting on tax-protest arguments. See *Coleman v. CIR*, 791 F.2d 68 (7th Cir. 1986). Ten years ago we upped the ante to $2,000 in light of inflation. See *Cohn v. CIR*, 101 F.3d 486 (7th Cir. 1996). These numbers roughly reflected the sums that, according to the Justice Department, had been required to respond to frivolous tax appeals in 1985 and 1995.

Now the Department proposes a big increase—to $8,000, somewhat less than the $11,042 that it says represents "the average expense in attorney salaries and other costs incurred by [the Tax Division] in the defense of frivolous taxpayer appeals in which sanctions were awarded during 2004 and 2005". (A footnote tells us that the Department "eliminated from consideration instances in which significantly greater amounts of attorney time were devoted . . . than are typically reported for such cases.") The Department does not give details, however, or explain why the expense of briefing frivolous appeals has shot up. Adjusting for inflation using the Consumer Price Index, $1,500 in 1985 dollars comes to $2,722.58 in 2005 dollars. How is it that the Department now spends in real dollars four times as much per frivolous appeal as it did 10 and 20 years ago?

A tax lawyer in grade GS-15 earns between $91,000 and $143,000 a year, depending on tenure and locality adjustments that reflect the higher cost of living in large cities. Let us suppose that the average is $125,000 a year—though this seems high, as much of the work in frivolous appeals should be assigned to junior lawyers. Let us suppose as well that indirect costs (fringe benefits, the expense of secretaries and fact-checkers, etc.) double the effective cost. Then the federal government pays $250,000 to support one year's work by a tax lawyer. If federal lawyers work 220 days a year (a figure that allows for a month's vacation plus all federal holidays), that comes to $1,136 per day for legal services. The Tax Division's assertion that it costs $11,042 to respond to a frivolous appeal implies that each case occupies a senior tax lawyer for *ten full days*. (Frivolous cases are not argued in this circuit or most of the other circuits; there is no need to consider travel time and expenses.) If this is really how the Department of Justice staffs these cases, it needs to rethink its assignment practices.

The Tax Division's brief in this appeal is 16 pages long, much of it formulaic and doubtless straight from the glossary function of a word-processing program. Less than half of the brief is specific to Szopa's situation; the rest describes in general terms the pre-levy hearing program and the way §3660(d) divides review between the Tax Court and the 94 district courts. The record is short; the district court's opinion is one page long; an appellate lawyer would not have needed more than a few hours to track down all pertinent details about Szopa's circumstances. Why would it take 10 days to produce a brief at the glacial rate of 1.6 pages a day? Other cases may require more work, but it is hard to imagine that *any* frivolous tax-protester appeal would entail a brief exceeding 25 pages. To use more is to show that the appeal is not frivolous after all. Yet by the Department's calculation

the appellate lawyer generates less than three pages a day in frivolous appeals.

Something must be wrong in these numbers—though other circuits have accommodated the Department's request. See, e.g., *Kyler v. Everson*, 442 F.3d 1251 (10th Cir. 2006) ($8,000 sanction, exactly as Tax Division proposed); *Stearman v. CIR*, 436 F.3d 533, 538-39 (5th Cir. 2006) (adopting $6,000 presumptive sanction on Tax Division's request). At least four more circuits have made similar awards in unpublished orders. None explains, any more than the Department itself has done, why these are appropriate sanctions.

An adjustment to keep this circuit's sanction constant in inflation-adjusted dollars is appropriate, so the presumptive fine now is $2,700. It may be, however, that the Department has more to say on behalf of a larger number. So we will allow it 14 days after this opinion's issuance to explain how many days of legal time the Tax Division devotes (on average) to each frivolous appeal, how the $11,000 figure was calculated, and why there has been such a substantial increase since 1995. Szopa will have 10 days to respond. (She ignored the Department's Rule 38 motion; she would do well to use this renewed opportunity to address the subject.) We then will either stick with the inflation-adjusted sanction of $2,700 or make a further change if one has been justified.

One additional adjustment is apt. Repeat offenders are more culpable, not only because they must know better (and because the risk of mistake is lower) but also because they have demonstrated resistance to specific deterrence. Szopa is a recidivist, having been told by our decision of 2000 that she owes and must pay income taxes. That she is still in denial mode six years later, for another set of tax years, demonstrates the need for sterner action. The presumptive sanction for second or successive frivolous tax

6                                                    No. 05-4788

appeals will be set at double the norm ($5,400 unless adjusted after the supplemental briefing). This much, at least, is payable immediately to the Clerk of Court, and if it remains outstanding after 10 days we will enter an order under *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995), blocking Szopa from conducting further civil litigation as a plaintiff in the courts of this circuit until full payment has been received.

The judgment of the district court is affirmed, an interim sanction of $5,400 is imposed, and the United States is invited to file within 14 days further justification supporting a higher award.

A true Copy:

       Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*

USCA-02-C-0072—7-5-06

A True Copy:
   Teste:

Clerk of the United States
Court of Appeals for the
Seventh Circuit.